# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
AIRBORNE BEEPERS & VIDEO,         )
INC., an Illinois corporation,    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   No. 02 C 9134
                                  )
SOUTHWESTERN BELL MOBILE SYSTEMS, )
LLC, d/b/a CINGULAR WIRELESS and  )
PARK MANAGEMENT & INVESTMENT, LTD.,)
                                  )
          Defendants.             )
```

## MEMORANDUM OPINION

Before the court is defendant Cingular Wireless's motion to dismiss the Third Amended Complaint. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Airborne Beepers & Video, Inc. ("Airborne") originally brought this suit against defendant Southwestern Bell Mobile Systems, LLC, doing business as Cingular Wireless ("Cingular"). In the latest amendment to the complaint, plaintiff added another defendant: Park Management & Investment, Ltd. ("Park"). Gustavo R. Calderon, who was formerly a plaintiff, is the president and majority shareholder of Airborne. We have recounted many of the facts at issue in this case in prior memorandum opinions and will not repeat them here.

The instant motion to dismiss concerns the Third Amended Complaint. We previously dismissed all of the claims alleged in the original complaint, some with prejudice and some without, and gave plaintiffs leave to file an amended complaint. Plaintiffs did so; another motion to dismiss resulted; and we again dismissed some of the claims with prejudice and some without and gave plaintiffs leave to file a second amended complaint.

Another motion to dismiss followed the filing of the second amended complaint. In ruling on that motion, we noted that plaintiffs had not followed our instructions regarding curing the deficiencies in their complaints and stated: "We would be more than justified in dismissing the entire Second Amended Complaint, but we will attempt to salvage what we can notwithstanding plaintiffs' failure to comply with our prior order." (Memorandum Opinion of June 23, 2005 at 3-4.) Once again, we dismissed some of the claims with prejudice and some without, and gave plaintiffs leave to file a third amended complaint. We warned that if the third amended complaint did not comply with the pleading requirements set forth in our opinion, it would be dismissed summarily with prejudice.

Shortly after we issued our memorandum opinion regarding the second amended complaint, plaintiffs' attorney filed a motion for leave to withdraw as counsel for plaintiffs, which was granted. At that time, Calderon indicated that he was attempting to hire another attorney, so we extended by over a month the time we had

previously given plaintiffs to file a third amended complaint. We told Calderon that the Third Amended Complaint would have to comply with our instructions and warned that "[i]f you strike out, that will be the end of it." (Tr. of July 13, 2005 Motion Hearing at 5.)

A third amended complaint was then filed, which removed Calderon as a plaintiff, leaving only Airborne, and added Park as a defendant as well as additional claims. The problem with the complaint was that Calderon filed it "pro se"--not on behalf of himself but on behalf of Airborne, a corporation. Cingular moved to strike the complaint, asserting correctly that a corporation cannot proceed "pro se."

By the time of the next hearing, which was on September 7, 2005, Calderon had hired a new attorney to represent Airborne, Michael Vitale. At the hearing, we asked Mr. Vitale (aside from the issue of the complaint having been filed pro se) whether in his view, the allegations of the Third Amended Complaint stated a claim. Mr. Vitale stated that he believed that they did, and he requested leave to re-file the first and last pages of the Third Amended Complaint with his signature so that Airborne would be properly represented. We struck the Third Amended Complaint that had been filed by Calderon and gave plaintiff leave to file a new Third Amended Complaint, filed by counsel. Because Cingular indicated that it would be moving to dismiss the anticipated Third

Amended Complaint, we set a prospective briefing schedule.[1] Then, after Cingular's attorney requested that no additional amendments to the complaint be allowed, we specifically advised counsel: "I'll deal with any question of another complaint if I dismiss this one, but I do suggest to you, Mr. Vitale, if you can improve this one in some way that would avoid a dismissal, now is the time to do it." Counsel replied: "I understand that, Your Honor. I've advised my client of that." We also instructed plaintiff's counsel as follows: "If you do make any changes [to the complaint], let [defendant's] counsel know what the changes are so she doesn't have to pore through the voluminous third amended complaint to find out what they are." (Tr. of Tr. of September 7, 2005 Motion Hearing at 7-8.)

Plaintiff's counsel did not make any substantive changes to the complaint. On October 14, 2005, Cingular moved to dismiss the Third Amended Complaint. Shortly thereafter, Mr. Vitale moved to withdraw as counsel for plaintiff. The motion was granted. Plaintiff then hired another attorney--plaintiff's fourth attorney in this case--who requested, and received, an extension of time to respond to the motion to dismiss. The motion to dismiss is now fully briefed.

---

[1] We also stayed the time for Park to plead to the complaint until further order of court.

## **DISCUSSION**

**A. Plaintiff's Request for Leave to
File a Fourth Amended Complaint**

We will first address a threshold issue. In its response to Cingular's motion to dismiss, plaintiff requests leave to file yet another amended complaint: "Plaintiff's former lawyers failed to modify or edit any of the pleadings supplied by the Plaintiff. Plaintiff consequently has had to obtain other counsel in his attempt to cure any deficiency in accordance with this Court's prior opinions. To that end only does Plaintiff make his request for leave to file a fourth amended complaint." (Response at 1.)

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires," we need not grant such leave where a plaintiff has repeatedly failed to cure the same deficiencies. See General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997). As described supra, plaintiff has had numerous opportunities to plead its case. Moreover, in our previous opinions, we provided detailed analyses of the deficiencies of the prior complaints and explicit guidance for curing those deficiencies. We previously warned plaintiff that if the Third Amended Complaint failed to state a claim, there would be no additional opportunities to amend. Cingular has expended considerable time and expense responding to the prior deficient

complaints, and we have already remarked upon the inordinate amount of time the court has devoted to the pleadings. Therefore, plaintiff's request for leave to file a Fourth Amended Complaint is denied.

**B.** **<u>Plaintiff's Request to Voluntarily Dismiss Certain Claims</u>**

In his response to the motion to dismiss, plaintiff "prays for leave to voluntarily dismiss Count V of its complaint with respect to the Sherman Act and Clayton Act claims against Defendant Cingular." (Response at 3.) Plaintiff also "prays for leave to voluntarily dismiss" all of its claims against Park Management "without prejudice to Plaintiff's right to reinstate."[2] (<u>Id.</u> at 3-4.)

Plaintiff's request for leave to dismiss Count V is granted, and Count V will be dismissed with prejudice. Plaintiff's request for leave to dismiss all the claims against Park Management (Counts VI-X) is granted, and those claims will be dismissed without prejudice.

We are left with the following claims in the Third Amended Complaint, all against Cingular: breach of contract (Count I); violation of 42 U.S.C. § 1981 (Count II); violation of the Illinois Franchise Disclosure Act (Count III); and tortious interference with contract (Count IV).

---

[2] Plaintiff adds in a footnote that it may "wish to bring a separate action against" Park. (Response at 4 n.1.)

**C.   Cingular's Motion to Dismiss**

   **1.   Federal Claim (Count II)**

Count II is a claim for violation of 42 U.S.C. § 1981, which prohibits race-based discrimination in the making, performing, and modifying of contracts.  Cingular contends that this claim fails to comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim."

In our latest memorandum opinion, we analyzed plaintiff's civil rights claims and held that plaintiff could likely make out a § 1981 claim, but dismissed the § 1982 claim with prejudice.  There was an issue regarding the proper plaintiff for the § 1981 claim, and we dismissed that claim with prejudice as to plaintiff Calderon, but without prejudice as to plaintiff Airborne, because it would properly be asserted by Airborne.  We gave plaintiff leave to file a third amended complaint in which Airborne alone was the plaintiff asserting the § 1981 claim.  We also stated: "Paragraphs 8, 16, and 18a-w [of the Second Amended Complaint] will be construed as the conduct that forms the basis of the § 1981 claim, and they should be incorporated into Count I itself in the third amended complaint."  (Memorandum Opinion of June 23, 2005 at 6.)

Despite these explicit instructions, as well as our warning that if the third amended complaint did not comply with our instructions, it would be dismissed with prejudice, plaintiff fails to incorporate these allegations into Count I of the Third Amended

Complaint. In its response, plaintiff concedes this failure. We can only conclude at this point that this is willful defiance because plaintiff has failed over and over to comply with the court's simple directives despite warnings of the consequences.

More importantly, though, in relation to the § 1981 claim, the Third Amended Complaint reverts to the rambling, vague generalities that we previously rejected in our previous opinions. The § 1981 claim, as set forth in the amended complaint, was dismissed for failure to adequately state which actions constituted discrimination. Plaintiff was given leave to "amend the complaint to specify exactly, within the relevant count, which actions form the basis for his § 1981 discrimination claim." (Memorandum Opinion of December 13, 2004 at 7 (emphasis deleted).) Even after another intervening attempt, the Third Amended Complaint still fails to do so in a coherent manner that would put Cingular on notice of the alleged acts of discrimination. The complaint is 44 pages long and consists of 186 paragraphs, some with several sub-paragraphs. Plaintiff has added allegations, sprinkled throughout the complaint, that only muddy the waters. For example, plaintiff has added the repeated allegations that Cingular discriminated against him by "refusing to modify [the] contract" and in various other ways "[during] the performance of the contract." The problem (which has been a recurring problem that we have addressed in relation to the breach of contract claim also) is that the

existence of several different contracts is alleged in another section of the complaint, but plaintiff does not specify to which contract or contracts the discrimination related or specify to what contractual obligations the discrimination related. (It does not necessarily follow from an allegation that Cingular took some particular action "during the performance of the contract" that the action was related to a contractual obligation.)

Instead of improving upon the most recent iteration of the complaint, plaintiff has confused matters once again. The Third Amended Complaint fails to alert the court or Cingular to the principal alleged instances of discrimination. All that is required of plaintiff is a simple, straightforward pleading, but plaintiff has failed to provide such a pleading time and time again despite repeated admonitions and guidance. Therefore, the § 1981 claim will be dismissed with prejudice.

**2. State Claims (Counts I, III, IV)**

We have dismissed the federal claim in this case. In this circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on their merits." Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998). We see no reason to continue to exercise supplemental jurisdiction, see 28 U.S.C. § 1367(c); therefore, the state law claims are dismissed for lack of

subject matter jurisdiction. (The dismissal is without prejudice to the refiling of the state law claims in state court.)

## **CONCLUSION**

Plaintiff's request for leave to file a fourth amended complaint is denied. Plaintiff's request for leave to dismiss Count V is granted, and Count V is dismissed with prejudice. Plaintiff's request for leave to dismiss all the claims against Park Management (Counts VI-X) is granted, and those claims are dismissed without prejudice.

Cingular's motion to dismiss the third amended complaint is granted. The dismissal is with prejudice and terminates the case, so Cingular's pending motion to compel arbitration is denied as moot.

DATE:     April 11, 2006

ENTER:    _____
          John F. Grady, United States District Judge